UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL G. AMAYA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CANYON COUNTY, IDAHO, a political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:19-cv-00362-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. (Dkt. 7.) The plaintiff opposes the motion. The parties have filed responsive briefing on the motion and the matter is ripe for the Court's review. (Dkt. 9, 10.) Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record without oral argument. For reasons that follow, the Court will deny the motion to dismiss.

# FACTUAL AND PROCEDURAL BACKGROUND

Miguel G. Amaya brings this action against his employer, Canyon County, Idaho, claiming employment discrimination and retaliation in violation of both the Idaho Human

Rights Act ("IHRA"), Idaho Code § 67-5909, et seq. and the Americans with Disabilities Act ("ADA"). The claim arose when Amaya sought accommodations following a workplace accident and was later terminated from employment. (Dkt. 1-3, Ex. C at ¶ 24.)

Amaya filed an initial complaint in state court on March 27, 2019, and an amended complaint on July 23, 2019. (Dkt. 1.) Canyon County removed the case based on federal question jurisdiction, pursuant to 28 U.S.C. §1331, on September 20, 2019. (Dkt. 1, 3.)

Canyon County filed a motion to dismiss with supporting memorandum on October 10, 2019, as well as a Declaration Of Jennifer Allen In Support Of The Motion To Dismiss. (Dkt. 7, 8.) Amaya filed a response on October 31, 2019, and Canyon County replied on November 14, 2019. (Dkt. 9, 10). The facts regarding this dispute are set forth below in the light most favorable to Amaya, the non-moving party.

Amaya began working for Canyon County in 2011 as a heavy equipment operator at the Canyon County landfill. Amaya was injured on the job on December 14, 2016, when he slipped and fell on ice covered by snow at the landfill. (Dkt. 1-3, Ex. C at ¶¶ 5,7.) Amaya informed his supervisor, Daniel Pecunia, of the injury and sought medical treatment from Primary Health that evening after his pain remained. (Dkt. 1-3, Ex. C at ¶¶ 7-8.) He was instructed by a physician to rest, but no restrictions were put in place at that time. When Amaya's back pain persisted, he again sought medical treatment and was referred to physical therapy. (*Id*.). When physical therapy was unsuccessful, Amaya's physician ordered an MRI, which revealed that Amaya needed back surgery. (Dkt. 1-3, Ex. C at ¶ 10.)

Amaya continued to work as a heavy equipment operator until his surgery even though his back pain lingered and was aggravated by performing his job duties. (Dkt. 1-3, Ex. C at ¶ 11.) During that time, in February 2017, Amaya sought accommodations from Canyon County requesting: (1) to work *intermittently* as a waste screener, a less physically aggravating position; and (2) to be allowed to ask co-workers for help lifting heavy objects. (Dkt. 1-3, Ex. C at ¶ 11.) Canyon County granted both requests during this period of time. (Dkt. 7-1 at 2.)

In March 2017, Amaya again requested an accommodation when he asked a supervisor if he could move to work *full-time* as a waste screener until his surgery. Amaya alleges other heavy equipment operators had been permitted to work in the waste screening position while recovering from injuries. (Dkt. 1-3, Ex. C at ¶ 12.) Canyon County denied Amaya's request. Throughout the spring of 2017, however, Amaya alleges Canyon County advertised open waste screener positions. (Dkt. 1-3, Ex. C ¶ 13.)

On April 25, 2017, Amaya had back surgery and was off work recovering from surgery until August 2017. On June 14, 2017, while out recovering, Amaya asked human resources for a job description of waste screening, assuming he would again be allowed to *intermittently* work in that position as he had been prior to surgery. (Dkt. 1-3, Ex. C at ¶ 15.) In response to his inquiry, Amaya alleges that he was informed, without elaboration, "things had changed" and he would not be assigned to intermittent waste screening as he had been prior to surgery. Amaya asked Canyon County if he could perform any job at the landfill other than heavy equipment operator, but alleges his requests were denied. (Dkt. 1-3, Ex. C at ¶ 15.)

Following surgery, Amaya's surgeon restricted Amaya to working 2.5 hours per day. (Dkt. 1-3, Ex. C at ¶ 16.) When he returned to the Canyon County landfill following surgery, Amaya was assigned to work as a heavy equipment operator for 2.5 hours per day. (Dkt. 1-3, Ex. C at ¶ 15-16.); *see also* (Dkt. 7-1 at 2-3.)

Shortly after his return to work in August 2017, Amaya re-injured his back while operating a piece of heavy equipment, the "paddle scraper." The Amended Complaint states Amaya was "physically unable to work immediately after reinjuring his back, and he informed his supervisor and human resources of his physical inability to operate heavy equipment." (Dkt. 1-3, Ex. C at ¶ 18.) Canyon County terminated Amaya from his employment on September 6, 2017. (Dkt. 1-3, Ex. C at ¶ 19.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a plaintiff's claim for relief. The relevant inquiry is whether the plaintiff's allegations are sufficient under Federal Rule of Civil Procedure 8(a), which sets forth the minimum pleading requirement, i.e., that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, the court must accept as true all nonconclusory, factual allegations made in the complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007), and draw all reasonable inferences in favor of the plaintiff, *Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir.

ORDER - 4

2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In addition, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Dismissal may therefore be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Court may not consider any evidence contained outside the pleadings without converting the motion to one for summary judgment. *See* FED. R. CIV. P. 12(B); *United States v. Ritchie*, 342 F.3d 903, 907–908 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed.1999)). And, the Court may consider evidence upon which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994). The Court may treat such documents as "part of the complaint, and

thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

## DISCUSSION

**1.     ADA and IHRA Discrimination Claim**

Amaya claims discrimination in violation of both the ADA and the IHRA. Specifically, Amaya contends that Canyon County discriminated against him on account of his disability when they allegedly (1) failed to engage in an interactive process to determine the existence of a reasonable accommodation; (2) retaliated against Amaya for seeking reasonable accommodations; and (3) terminated his employment because of his disability. (Dkt. 1-3, Ex. C at ¶¶ 22-24.) Canyon County argues that Amaya has not stated a claim for relief, under Rule 12(b)(6), because Amaya (1) cannot allege he was a "qualified individual" under the ADA; (2) failed to state a cognizable claim that he was discriminated against for seeking accommodations; and (3) insufficiently plead he was terminated because of a disability. (Dkt. 7.)

The prima facie case of discrimination under the ADA and IHRA requires a plaintiff to show that: (1) he is disabled within the meaning of the ADA; (2) he was a qualified individual with or without reasonable accommodations able to perform the essential functions of his job; and (3) he suffered an adverse employment action because of his disability. *Higgins v. Nw. Farm Credit Servs., ACA*, No. 4:16-CV-00400-DCN, 2018 WL 2050132, at 10 (D. Idaho May 2, 2018), *appeal dismissed sub nom. Higgins v. Nw. Farm Credit Servs. of Am.*, No. 18-35461, 2018 WL 6205667 (9th Cir. Nov. 9, 2018); *Harris v.*

*Treasure Canyon Calcium Co.*, 132 F. Supp. 3d 1228, 1236 (D. Idaho 2015).[1] Broad protections exist for individuals with a disability because "the ADA prohibits adverse employment decisions motivated—even in part—by animus toward a plaintiff's disability." *Id*. (citing *Head v. Glacier Nw. Inc*., 413 F.3d 1053, 1065 (9th Cir. 2005)).

### a. "Disability"

Canyon County does not directly attack Amaya's claim that he was disabled under the definition of "disability" in the ADA.

Congress amended the ADA in 2008, stating that the term "disability" was to be broadly construed and coverage liberally applied, to the "maximum extent" permitted by the ADA. *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 861 (9th Cir. 2009). Under the ADA, disability of an individual is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102 (1)(A-C) (2011). Major life activities are things such as providing care for oneself, eating, sleeping, and working. 42 U.S.C.A. § 12102 (2)(A) (2011), *Wells v. Skynet Dig., LLC*, 2015 BL 222642, 4 (D. Idaho July 13, 2015); *see McAlindin v. Cnty. of San Diego*, 192 F.3d 1226, 1233 (9th Cir. 1999).

---

[1] The standards of the ADA are applied to the IHRA consistently. *McWilliams v. Latah Sanitation, Inc.*, 554 F. Supp. 2d 1165, 1178 n.3 (D. Idaho 2008) (noting that "[t]he Idaho Supreme Court has held that the IHRA will be interpreted consistently with the ADA") (citation omitted).

Here, Amaya pleads that he suffers from back pain after two workplace injuries that substantially limit one of more major life activities. Namely, he explains how these injuries impacted his ability to perform his usual work functions. (Dkt. 1-3, Ex. C at ¶¶ 7-9.) Adhering to the broad definition of "disability" under the ADA, the Court finds Amaya has plead sufficient facts to meet his burden on this motion to claim he was disabled.

### b. "Qualified individual"

A "qualified individual" under the ADA is: "an individual who, 'with or without reasonable accommodation, can perform the essential functions of the employment position that such an individual *holds or desires*.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12111(8)) (emphasis added).

Canyon County has two arguments for dismissing Amaya as a "qualified individual." First, Canyon County contends that Amaya is estopped from claiming he was a "qualified individual" under the ADA, due to his application for long-term disability status after his employment was terminated. Second, they contend that Amaya has not "credibly" alleged facts showing he was a "qualified individual" because he admits he cannot perform the job of a heavy equipment operator. (Dkt. 7 at 5-9.)

As to the estoppel argument, Canyon County filed a Declaration of Jennifer Allen that provides information regarding Amaya's application for long term disability benefits after his employment was terminated. (Dkt. 8.) However, the Court will not consider the declaration in ruling on the motion to dismiss under FED. R. CIV. P. 12(B)(6), because it was not incorporated by reference or relied upon in the amended complaint. *See Branch*, 14 F.3d at 453-54. Canyon County's estoppel argument is not before the Court at this time.

ORDER - 8

Regardless, "neither application for nor receipt of disability benefits *automatically* bars a claimant from establishing that []he is a qualified person with a disability under the ADA." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (internal quotations and citations omitted).

As to Canyon County's second argument, Amaya maintains in the Amended Complaint that he was a qualified individual at all relevant times because he continued to work as a heavy equipment operator prior to surgery without accommodations and then asked for accommodations, i.e. to be moved to a waste screener job or at least to have intermittent shifts in that position after surgery. (Dkt. 1-3, Ex. C at ¶¶ 11, 16-18.) The Court finds the facts alleged in the complaint to show Amaya was performing the essential functions of the job, with or without accommodations, and therefore was a "qualified individual," for purposes of this motion, during the time between his first injury through his termination.

Taking all facts alleged in the Amended Complaint and construing them in Amaya's favor, the Court finds that Amaya has plead sufficient facts that plausibly show he was a "qualified individual" with a disability.

    c. **Adverse Employment Action**

Canyon County argues Amaya has not adequately alleged he experienced an adverse employment action *because of* a disability. (Dkt. 7 at 12.) Amaya counters by claiming first, that Canyon County failed to reasonably accommodate Amaya's disability and second, that Canyon County terminated him from employment because of his disability. (Dkt. 9 at 13-16.)

What constitutes an "adverse employment action" is broadly defined in the Ninth Circuit. *See Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002) (citation omitted). "Adverse employment actions include any action that 'well might have dissuaded a reasonable worker from making or supporting charge of discrimination.'" *French v. Idaho State AFL-CIO*, 164 F.Supp.3d 1205, 1217 (D. Idaho 2016) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citation and quotation signals omitted)). It also can mean any action "that materially affect[s] the compensation, terms, conditions or privileges of employment." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1125 (9th Cir. 2000). Further, "an employee may engage in protected activity by seek[ing] an accommodation [for a disability] in good faith." *Scott v. Mabus*, 618 Fed. Appx. 897, 902 (9th Cir. 2015) (internal quotations and citation omitted).

Here, Amaya alleges he sought accommodations following his initial injury including requesting to work as a waste screener, a position operating pieces of machinery less aggravating to his back injury. Although Canyon County occasionally allowed Amaya to work as a waste screener prior to surgery, Amaya alleges Canyon County told Amaya he would not be considered for a permanent position as a waste screener, nor would he be allowed to work intermittently as a waste screener after returning from surgery. (Dkt. 1-3, Ex. C. at ¶ 15.)

When Amaya returned to work following surgery, he was assigned to operate heavy equipment even though he had asked for accommodations to avoid operating machinery that aggravated his injury. The Court finds Amaya has alleged facts stating a plausible

claim that his accommodation request was a protected activity and that Canyon County's denial of the accommodation, was an adverse employment action.

Further, Amaya alleges he was reinjured while operating heavy equipment, which he reported to his supervisor. Shortly thereafter, on September 6, 2017, Amaya was terminated from his employment. Amaya alleges his termination was because of his request for accommodations. The temporal proximity between the alleged reinjury and termination, for purposes of this motion, provides a sufficient nexus to find Amaya has stated a plausible claim that he suffered an adverse employment action because of his disability.

Taking the allegations of the Amended Complaint as true, the Court finds Amaya has plead sufficient facts to state a claim that he suffered an adverse employment action.

### 2. ADA and IHRA Retaliation Claim

To claim retaliation under the ADA and IHRA, a plaintiff must demonstrate that (1) he engaged in activity protected under the ADA; (2) he suffered an adverse employment reaction as a result; and (3) a causal link existed between the two actions. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). "Pursuing one's rights under the ADA constitutes a protected activity." *Id*.

Canyon County does not dispute that, for purposes of this motion, Amaya has alleged facts supporting the first two elements of a retaliation claim under the ADA. As to the third element, however, Canyon County argues that Amaya has not alleged facts demonstrating the requisite causal link; i.e., Amaya has not alleged facts showing he was terminated from his employment because he engaged in a protected activity.

ORDER - 11

A plaintiff is required to show causation when making a claim of retaliation under the ADA, "establish[ing] that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *University of Texas Southwestern Medical Ctr. V. Nassar*, 570 U.S. 338, 362 (2013); *see also Sorenson v. City of Caldwell*, 692 Fed. Appx. 832 (9th Cir. 2017) (noting the third element of the prima facie case for a retaliation claim requires a showing that the protected activity was a but-for cause of the alleged adverse action). "The causal link can be inferred from circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action." *Dawson v. Entek Intern.*, 630 F.3d 928, 936 (9th Cir. 2011) (Title VII). Sometimes, proximity in time between protected activities and adverse employment action "can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext." *Bell v. Clackamas County*, 341 F.3d 858, 865-66 (9th Cir. 2003); *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731-32 (9th Cir. 1986).

Here, Amaya alleges he requested and was denied accommodations in June 2017 to be assigned a job other than heavy equipment operator. When he returned to work after recovering from surgery in August 2017, Amaya was assigned to work 2.5 hours per day as a heavy equipment operator. Shortly after Amaya returned to work without the requested accommodation, Amaya reinjured his back while operating a piece of heavy equipment. Amaya was terminated from his employment on September 6, 2017. (Dkt. 1-3, Ex. C at ¶¶ 16-19.) The time between June 2017, when Amaya requested accommodations, and the termination on September 6, 2017, is sufficiently close in proximity, for purposes of this

ORDER - 12

motion, to reasonably infer that Amaya's termination was because of his requests for accommodations.

Taking all alleged facts as true, and viewing them in favor of the non-moving party, the Court finds Amaya has stated a plausible claim of retaliation.

## CONCLUSION

Viewing the facts in the light most favorable to Amaya, the Court finds Amaya has met his burden of pleading sufficient facts to state a plausible claim of discrimination and retaliation under the ADA and IHRA such that Canyon County has notice of the facts upon which the claim is based. For these reasons, the Court will deny the motion to dismiss.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Canyon County's Motion to Dismiss for Failure to State a Claim (Dkt. 7) is **DENIED.**

DATED: January 30, 2020

_____
Honorable Candy W. Dale
United States Magistrate Judge